UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

JEROME HEAVEN, JR,

    Petitioner,

v.                                        Case No. 5:24-cv-599-WFJ-PRL

ACTION LABOR,

    Respondent.
_____

## **ORDER**

Petitioner Jerome Heaven, Jr., an inmate of the Marion County Jail, is proceeding *pro se* on a petition for a writ of mandamus. (Doc. 1). Liberally construed, Petitioner requests an order directing the Clerk of Court to appoint him counsel to assist him in suing Action Labor for having him trespassed for complaining about working conditions. *Id.* at 1.

The Prison Litigation Reform Act ("PLRA") amended 28 U.S.C. § 1915 by adding the following subsection:

> (g) In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). Section 1915(g), commonly referred to as the "three strikes" provision, requires this Court to consider prisoner actions dismissed before, as well as after, the enactment of the PLRA.

This Court takes judicial notice of filings previously brought by Petitioner that were dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted: (1) 5:23-cv-281-BJD-PRL (M.D. Fla.) (complaint dismissed as frivolous); (2) 5:23-cv-291-BJD-PRL (M.D. Fla.) (complaint dismissed as frivolous); and (3) 5:23-cv-295-TPB-PRL (M.D. Fla.) (complaint dismissed as frivolous).

In this case, Petitioner did not pay the filing fee when filing his petition.[1] Because Petitioner has had three or more prior qualifying dismissals and his allegations do not warrant the imminent danger exception to dismissal, this action will be dismissed without prejudice. Petitioner may initiate a new civil rights action by filing a new civil rights complaint form and paying the full filing fee at the time of filing his complaint.

Accordingly, it is now **ORDERED** and **ADJUDGED**:

1. This case is **DISMISSED without prejudice**.

---

[1] The Eleventh Circuit has stated repeatedly that "the 'three strikes' provision of § 1915(g) applies to mandamus petitions arising from civil actions and prevents a prisoner who has 'three strikes' from filing a mandamus petition in this Court without first paying the full applicable filing fees," unless he is under imminent danger of serious physical injury, *In re Godhigh*, 2021 U.S. App. LEXIS 21718, at *2 (11th Cir. July 21, 2021) (single judge order); *see also In re Kissi*, 652 F.3d 39, 40 (D.C. Cir. 2011).

2. The Clerk shall enter judgment dismissing this case without prejudice, terminate any pending motions, and close this case.

**DONE** and **ORDERED** in Tampa, Florida, on November 12, 2024.

*[Signature]*
WILLIAM F. JUNG
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Pro Se Party